UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GOTTESMAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CARLOS SANTANA et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 16-cv-2902 JLS (JLB)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[ECF No. 5]** |

Presently before the Court is Plaintiff's *Ex Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. (ECF No. 5.) For the reasons set forth below, Plaintiff's Motion is **DENIED**.

**I. BACKGROUND**

Plaintiff is the owner of the copyrights to a number of works of visual art. (ECF No. 5-1 at 3; ECF No. 1 at 6–8.) Plaintiff asserts that "[n]umerous infringements of [his] copyrighted works of art appear at the domain names: 'beltoutlet.com' and 'rockabilia.com.'" (ECF No. 5-1 at 3.)

On November 29, 2016, Plaintiff filed a Complaint against several defendants, including "DOE #1 dba www.beltoutlet.com" and "DOE #4 c/o Domains By Proxy dba www.rockabilia.com." (ECF No. 1.) The Complaint alleges direct copyright infringement

against Defendants DOE #1 and DOE #4. (*See id.* at 26–32; 36–76.) Plaintiff asserts in his Complaint that Defendants DOE #1 and DOE #4 "recopied, redistributed or republished" Plaintiff's copyrighted works without Plaintiff's consent and "knew or should have known of the infringements on the domains, websites, and products sold through their respective online operations over which they exercised control." (*See id.* at 26–32.)

Plaintiff asserts that "[b]ecause the owners, operators, supervisors, and managers of [www.beltoutlet.com] and [www.rockabilia.com] used the Internet to commit these infringements, and in registering these domain names selected privacy settings concealing their identities and contact information as the registrants, administrators, and technical operators of same, Plaintiff has no ability to identify the actual defendants by name." (ECF No. 5-1 at 3.) Therefore, Plaintiff "seeks leave of Court to serve a Rule 45 subpoena on the ISP for each of the above domain names." (*Id.* at 4.)

## II. LEGAL STANDARDS

Generally, discovery is not permitted absent a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.3d 637, 642 (9th Cir. 1980)). Requests to conduct discovery prior to a Rule 26(f) conference are granted upon a showing of good cause by the moving party, which may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts in the Ninth Circuit apply a three-factor test for determining whether good cause exists to allow for expedited discovery to identify Doe defendants. *See*

*Columbia Ins. Co.*, 185 F.R.D. at 578–80. "First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the plaintiff "should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). Further, the plaintiff "should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580 (citing *Gillespie*, 629 F.2d at 642).

### III.  DISCUSSION

For the Court to grant Plaintiff's Motion, Plaintiff must first identify Defendant with enough specificity to enable the Court to determine Defendant is a real person or entity who would be subject to the jurisdiction of this Court. *See Columbia Ins. Co.*, 185 F.R.D. at 578. Plaintiff has not met this burden. Plaintiff's Motion provides no information that supports that Defendants DOE #1 and DOE #4 would be subject to this Court's jurisdiction. In fact, the information contained in Plaintiff's Motion supports that this Court likely does not have jurisdiction over these Defendants. Exhibit 1 to Defendant's Motion states that the IP address assigned to DOE #1 (www.beltoutlet.com) is located in Ottawa, Canada (ECF No. 5-2), and Exhibit 2 to Defendant's Motion states that the IP address assigned to DOE #4 (www.rockabilia.com) is located in Ontario, Canada (ECF No. 5-3). Accordingly, Plaintiff's Motion contains no evidentiary support showing that Defendants DOE #1 and DOE #4 are subject to this Court's jurisdiction, and on this basis alone, the instant Motion must fail.

///

In addition, the Court is not persuaded that Plaintiff has taken all reasonable steps to identify and serve process on Defendants DOE #1 and DOE #4.  Unlike in the cases that Plaintiff cites to in his Motion, Plaintiff has at his disposal more than just an IP address to attempt to locate the Defendants.  He has their domain names.  While Plaintiff argues that "[u]nlike phone numbers or license plates, there are no publicly-available databases or 'yellow pages' that can identify an individual by a [sic] IP address or its domain name" (ECF No. 5-1 at 7), the Court disagrees.  Available to Plaintiff are online databases maintained by the Better Business Bureau and the Secretaries of State for the states in which Defendants DOE #1 and DOE #4 are registered to do business.  Such databases can provide Plaintiff with the information necessary to serve process on Defendants DOE #1 and DOE #4.

## IV.  CONCLUSION

For the reason set forth above, Plaintiff has not shown that good cause exists to allow for expedited discovery to identify Defendants DOE #1 and DOE #4.  Accordingly, Plaintiff's *Ex Parte* Motion for Leave to Serve a Third Party Subpoena Prior to Rule 26(f) Conference (ECF No. 5) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 13, 2017

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge