UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GOTTESMAN,<br><br>        Plaintiff,<br><br>v.<br><br>CARLOS SANTANA, et al.,<br><br>        Defendants. | Case No.: 16-CV-2902 JLS (JLB)<br><br>**ORDER ON MOTIONS TO DISMISS**<br><br>(ECF Nos. 70, 72, 73, 75, 79, 116) |

  Presently before the Court are Motions to Dismiss and Motions to Strike filed by various Defendants.[1] (ECF Nos. 70, 72, 73, 75, 79, 116.) Also before the Court are Plaintiff

///

///

---

[1] Defendants Daniel J. Schacht, Esq. ("Shacht") and the law firm Donahue Fitzgerald LLP ("Donahue") (collectively, the "Attorney Defendants") bring a special motion to strike Plaintiff's FAC under California's anti-SLAPP law. ("anti-SLAPP MTS," ECF No. 77). In response, Plaintiff voluntarily dismissed the Attorney Defendants. (ECF Nos. 130, 132.) However, the Attorney Defendants claim that this "type of litigation chicanery has been overwhelmingly rejected by the courts" and argue that "when a plaintiff tries to avoid an adverse ruling on an anti-SLAPP motion by dismissing the moving party, a court must rule on the merits of the anti-SLAPP motion by identifying the prevailing party, thereby allowing for the mandatory recovery of attorney's fees." ("anti-SLAPP MTS Reply" 2, ECF No. 153 (citing *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (1998)).) Plaintiff also moves to strike the Attorney Defendants' Reply suggesting that the Court must rule on the merits of the anti-SLAAP motion. ("MTS," ECF No. 158.) Accordingly, the Court does not in this Order consider these pending Motions to Strike (ECF Nos. 77, 158). The Court will address those issues in a separate Order.

1

Eric Gottesman's ("GMAN") responses in opposition to, (ECF Nos. 141, 142, 143, 144, 145), and Defendants' replies in support of, (ECF Nos. 152, 154, 155), these various motions. After considering the parties' arguments and the law, the Court rules as follows.

## BACKGROUND

Plaintiff is a professional artist who has extensive experience in, among other things, freehand airbrush, hand-drawn and digital illustration, graphic design, and photo retouching. (First Am. Compl. ("FAC") ¶ 16, ECF No. 38.) Plaintiff has produced original works of art and designs for a number of clients, including, for example, Carlos Santana, the Jimi Hendrix Estate, Tom Petty and the Heartbreakers, and Metallica. (*Id.* ¶ 15.) This case concerns Plaintiff's work for Defendant Carlos Santana.

After Plaintiff spent some time working at a Fullerton-based company where he created graphics for bands, celebrities, casinos, and the like, (*id.* ¶ 21), Santana contacted and engaged Plaintiff as an independent contractor to create the art and design for merchandizing in connection with an event, (*id.* ¶ 30). Santana was so impressed with his work that he invited Plaintiff to his home and said he believed Plaintiff was the artist that had the ability to "turn SANTANA into a brand." (*Id.* ¶ 33.) The parties entered into a business relationship where Plaintiff submitted original works to Santana and his management company for use in building the Santana brand. (*Id.* ¶ 176.) Plaintiff retained ownership in these works, but each submitted work contained limited copy and distribution rights. (*Id.*)

Plaintiff filed a 103-page, 473-paragraph FAC against dozens of Defendants associated with Defendant Carlos Santana. (ECF No. 38.) The gravamen of Plaintiff's claims is that these Defendants infringed his copyrights in several of his works by exceeding the scope of the licenses in those works. (*See generally* FAC.) Thus, Plaintiff brings claims for: (1) copyright infringement; (2) contributory copyright infringement; (3) vicarious copyright infringement; (4) inducing copyright infringement; (5) breach of contract; (6) intentional misrepresentation; (7) negligent misrepresentation; (8) breach of

///

implied covenant of good faith and fair dealing; (9) unfair business practices; and (10) constructive trust. (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-

3

16-CV-2902 JLS (JLB)

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

Given the variety of motions considered in this order, the Court organizes its analysis by each motion.

### I. Motion to Dismiss—Breach of Contract (ECF No. 72)

Defendants Linton Hall and Service First Specialty Food and Marketing, LLC move to dismiss Plaintiff's cause of action against them for breach of contract. (*See generally* "Contract MTD," ECF No. 72-1.) Specifically, Defendants argue that Plaintiff's allegations are insufficient to state a plausible breach of contract claim. (*Id.*)

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citing *Reichert v. Gen. Ins. Co.*, 68 Cal. 2d 822, 830 (1968)).

The Court agrees with Defendants. Plaintiff's allegations supporting its breach of contract cause of action are the following:

> 429. GMAN repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 428, inclusive.
>
> 430. GMAN entered into a verbal contract with SERVICE FIRST which required this defendant to pay GMAN for the license to limited use of the salsa labels and associated designs, time taken to create the works, time to modify

same, and time to coordinate production and printing of the labels at GMAN's normal and customary rates.

431. HALL is personally liable for SERVICE FIRST breach of contract as the alter-ego of SERVICE FIRST for the reasons already alleged above.

432. Despite GMAN's demands for payment, these defendants breached the parties' contract by continuing to refuse to pay as agreed.

433. GMAN has timely and fully performed all of his obligations under the parties' contract.

434. As a direct and proximate result of SERVICE FIRST breach of contract, GMAN has been damaged in an amount to be proven at trial.

(FAC ¶¶ 429–434.)

These allegations are insufficient to allow Defendants to appropriately respond. Among other things, these allegations do not provide any specifics regarding the material terms of the verbal contract between Plaintiff and Service First, much less when this contract was allegedly formed and breached. Indeed, even Plaintiff admits that his "allegations for this cause of action are minimal . . . ." ("Contract MTD Opp'n" 6, ECF No. 145.) In short, Plaintiff has failed to allege sufficient factual matter from which this Court may infer a plausible claim for the existence and breach of a contract.[2] *See, e.g.*, *N. Cty. Commc'ns Corp. v. Verizon Glob. Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010) (finding that the defendant did not adequately allege a breach of contract claim where it failed to "plead, among other things, the nature of the contract, dates pertinent to

---

[2] Additionally, Plaintiff argues that a "claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (Contract MTD Opp'n 4 (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Conley v. Gibson*, 35 U.S. 41, 45–46 (1957))). Plaintiff also relies on this legal statement for his other responses in opposition to Defendants' various motions. However, nearly ten years ago in the seminal case of *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court expressly abrogated this exact aspect of the *Conley* standard. 550 U.S. 544, 560–62 (2007) (holding that the "no set of facts" language "has earned its retirement" and "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Plaintiff's reliance on *Conley* and its progeny is particularly strange given that he also relies on *Twombly* and *Iqbal* in his legal standard. (Contract MTD Opp'n 4.)

the contract, and other relevant terms that would put [plaintiff] on notice of the basis of" the claim); *cf. TreeFrog Devs., Inc. v. Seidio, Inc.*, No. 13CV0158-IEG KSC, 2013 WL 4028096, at *3 (S.D. Cal. Aug. 6, 2013) (finding that a breach of contract claim was adequately pleaded where the plaintiff alleged the dates and material terms of the contract, including the subject of the contract and the specific payment obligations of each party); *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("A plaintiff may not escape dismissal on a contract claim, for example, by stating that he had a contract with the defendant, gave the defendant consideration, and the defendant breached the contract. What was the contract? The promises made? The consideration? The nature of the breach?").

To be sure, Plaintiff provides additional details about this oral agreement, including supporting exhibits, in the introduction portion of his opposition brief. (*See* Contract MTD Opp'n 2–3 (describing, among other things, the dates of certain agreements, the approximate hours worked in reliance on those agreements, and the alleged money owed for breaching those agreements).) Such details would likely be sufficient to state a plausible claim for the existence and breach of a contract, if they appeared in the FAC. Because they do not, however, the Court may not consider them in assessing the adequacy of Plaintiff's allegations. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original)). Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 72).[3] Plaintiff will have an opportunity to include these additional factual allegations in his amended complaint.

/ / /

---

[3] Plaintiff also strangely argues that his state law claims are not preempted by the Copyright Act. (*See* Contract MTD Opp'n 5.) But Defendants do not raise this argument in their motion. Thus, the Court does not consider these arguments in assessing the present Motion to Dismiss.

## II. Motion to Dismiss Certain Claims (ECF No. 73)

Various Defendants[4] seek to dismiss Plaintiff's FAC on several grounds, including: (A) Plaintiff's copyright claims seek impermissible damages; (B) Plaintiff fails to state a claim for inducing copyright infringement; (C) Plaintiff's sixth, seventh, eighth, and ninth claims are preempted by the Copyright Act; (D) Plaintiff's sixth, seventh, and ninth claims grounded in fraud fail to meet the heightened pleading standard under Rule 9(b); (E) Plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing; (F) Plaintiff fails to state a claim for unfair business practices; and (G) Plaintiff fails to state a claim for constructive trust. (*See generally* "Claims MTD," ECF No. 73-1.) The Court considers each argument in turn.[5]

### A. Copyright Damages

Defendants first argue that Plaintiff's copyright claims are defective because they seek damages that precluded as a matter of law. (Claims MTD 10.) Specifically,

---

[4] These Defendants include Carlos Santana; Salvador Santana; Michael Vrionis; Maria Vrionis; Steven Vrionis; Daniel J. Schacht, Esq.; Donahue Fitzgerald LLP; Guts & Grace Records, Inc.; Cristalino, Inc.; Santana IV, LLC; Santana Tesoro, LLC; Universal Tone Management, LLC; Adam Fells; Constellation Brands, Inc.; Dawn DeBisschop; Howard Schomer; Hi Fidelity Entertainment, Inc.; House of Blues Entertainment, LLC; Steven Newman; The Rock.com Group, Inc.; Walmart Stores, Inc.; Double O, LLC; Will Oakley; Band Tees Apparel, Inc.; Art.com; Glenn Morelli; GFM Licensing Group; Infinity 1, Inc. dba Rockabilia; Casa Noble Holdings LLC; Casa Noble Spirits, LLC; and MiJa Park. (*See* Claims MTD.)

[5] Defendants Linton Hall and Service First Specialty Food and Marketing, LLC also "join in the arguments set forth by Defendants Carlos Santana, et al., and seek the requested relief as to Defendants Linton Hall and Service First Specialty Food and Marketing, LLC." (ECF No. 70.) But the underlying motion did not assess the merits of Plaintiff's FAC with regard to these claims and these Defendants. The Court agrees with Plaintiff's objection that this notice of joinder "fails to give the requisite notice of the basis for Moving Defendants' request for dismissal under Rule 12(b)(6)" and that it "makes it difficult at best to respond to their position since Plaintiff's state claim against Moving Defendants is founded upon a different set of facts and legal theories than those applicable to the" other Defendants. (ECF No. 144, at 5.) While the Court is willing to entertain some level of joinder of nonmoving Defendants in certain arguments, those motions of joinder must at the very least point the Court to those specific portions of the other motion to which the Defendants join <u>and</u> supply additional facts or legal theories where necessary. Otherwise the Court and Plaintiff are, as is the case here, left with a blanket joinder that provides no specific guidance. Accordingly, the Court **DENIES** this joinder motion (ECF No. 70). These Defendants are, of course, free to bring another motion to dismiss based on these arguments in response to Plaintiff's amended complaint.

Defendants argue that Plaintiff erroneously seeks (1) punitive damages; (2) damages based on a judgment that a party "injured the business reputation and business" of a plaintiff; (3) damages for unfair trade practices; and (4) both profits <u>and</u> statutory damages. (*Id.*)

In response, Plaintiff "does not challenge the motion to the extent it seeks to dismiss Plaintiff's claim for punitive damages under the Copyright Act, attorneys' fees pursuant to Cal. Civ. Code § 3344 for claims of copyright infringement, a declaration that defendants have damaged his business reputation, or that he's entitled to damages for unfair business practices." ("Claims MTD Opp'n" 6, ECF No. 141.) Plaintiff further argues that his copyright infringement claims are otherwise adequately pled and should not be dismissed on this basis, (*id.*), which Defendants do not appear to contest, (*see* Claims MTD; "Claims MTD Reply," ECF No. 154). Given Plaintiff's concessions, the Court **GRANTS** Defendants' Claims MTD on these points and **DISMISSES WITH PREJUDICE** these particular claims. Plaintiff will have an opportunity to address these deficiencies in his amended complaint.

As to requesting both statutory damages and profits, Plaintiff argues he "is entitled to recover profits from one defendant and statutory damages from another and his prayer for relief can be read as requesting one or the other from each Defendant." (Claims MTD Opp'n 6.) Thus, Plaintiff appears to understand that statutory damages and actual damages (including profits) are alternative damages bases under the Copyright Act. *See* 17 U.S.C. § 504(a) (noting that a copyright infringer is liable for <u>either</u> actual damages <u>or</u> statutory damages). So cabined, the Court finds that Plaintiff's FAC does not impermissibly seek both statutory and actual damages against each alleged infringer. *See also* 17 U.S.C. § 504(c)(1) (noting that a copyright owner "may elect, at any time before final judgment is rendered," to recover either actual or statutory damages). Accordingly, the Court **DENIES** this portion of Defendants' Claims MTD.

///
///
///

### B. Inducing Copyright Infringement

Defendants argue that Plaintiff fails to state a claim for inducing copyright infringement. (Claims MTD 11.)

Induced infringement is a species of contributory infringement since "one contributorily infringes when he (1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n* ("*Perfect 10 I*"), 494 F.3d 788, 795 (9th Cir. 2007). "The Supreme Court has held that 'one who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties.'" *Perfect 10, Inc. v. Giganews, Inc.* ("*Perfect 10 II*"), 847 F.3d 657, 672 (9th Cir. 2017) (quoting *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936–37 (2005)). In the Ninth Circuit, a claim for inducement has "four elements: (1) the distribution of a device or product, (2) acts of infringement, (3) an object of promoting its use to infringe copyright, and (4) causation." *Id.* (quoting *Columbia Pictures Indust., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013)).

The Court agrees with Defendants. Among other things, Plaintiff's fourth cause of action for inducing copyright infringement fails to identify any service, device, or product that encourages another person to commit copyright infringement. (*See* FAC ¶¶ 420–28.) Moreover, Plaintiff concedes that he "will not be pursing . . . inducement claims against the defendants bringing this motion . . . ." (Claims MTD Opp'n 9.) Accordingly the Court **GRANTS** this portion of Defendants' Claims MTD and **DISMISSES WITH PREJUDICE** Plaintiff's claim for induced copyright infringement against these moving Defendants.

### C. Preemption Under the Copyright Act

Defendants argue that Plaintiff's sixth through ninth claims for intentional misrepresentation, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and unfair business practices are all preempted by the Copyright Act.

(Claims MTD 11–14.) But as with his inducement cause of action, Plaintiff concedes that he "will not be pursing his state court . . . claims against defendants bringing this motion . . . ." (Claims MTD Opp'n 9.) Accordingly, the Court **GRANTS** this portion of Defendants' Claims MTD and **DISMISSES WITH PREJUDICE** Plaintiff's state court causes of action[6] against these moving Defendants.[7]

### III. Motion to Dismiss Certain Individual Defendants (ECF No. 75)

Defendants also move to dismiss certain individual Defendants[8] because Plaintiff fails to state copyright infringement claims against them. ("Indiv. Def.'s MTD," ECF No. 75.) Plaintiff has since dismissed all moving Defendants except Casa Noble Spirits, LLC ("Casa Noble"). (*See* "Indiv. Def.'s MTD Opp'n" 2, ECF No. 142.) Accordingly, the Court assesses Defendants' arguments solely with respect to Casa Noble.[9]

Defendants argue that Plaintiff fails to state a copyright infringement claim against Casa Noble. (Indiv. Def.'s MTD 20–21.) "To establish a prima facie case of direct infringement, a plaintiff 'must show ownership of the allegedly infringed material' and 'demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106.'" *Perfect 10 II*, 847 F.3d at 666 (quoting *A&M*

---

[6] These claims include Plaintiff's sixth claim for intentional misrepresentation, seventh claim for negligent misrepresentation, eighth claim for breach of implied covenant of good faith and fair dealing, ninth claim for unfair business practices, and tenth claim for constructive trust.

[7] For this reason the Court need not reach Defendants' additional arguments, since they all pertain to the deficiencies of Plaintiff's state causes of actions against Defendants. (*See also* Claims MTD Reply 3 (noting that Plaintiff stated he will not be pursing state law claims against the moving Defendants).)

[8] These moving Defendants include Maria Vrionis, Adams Fells, Steve Vrionis, MiJa Park, Will Oakley, Glen Morelli, Steven Newman, House of Blues Entertainment, LLC, and Casa Noble Spirits, LLC. (Indiv. Def.'s MTD 4.)

[9] As above, *supra* note 5, Defendants Linton Hall and Service First Specialty Food and Marketing, LLC "join in the arguments set forth by Defendants Carlos Santana, et al., and seek the requested relief as to Defendants Linton Hall and Service First Specialty Food and Marketing, LLC." (ECF No. 79.) But the underlying motion did not assess the merits of Plaintiff's FAC with regard to these claims and these Defendants. And Plaintiff's response in opposition to this motion focused on the only remaining moving Defendant—Casa Noble Spirits, LLC. Accordingly, the Court **DENIES** this joinder motion for the same reasons discussed above.

*Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)). In this case the exclusive rights include the right of reproduction, the right to prepare derivate works, and the right of distribution. 17 U.S.C. § 106. "In addition, direct infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant." *Id.* (quoting *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2013)).

The Court agrees with Defendants. The sole allegation against Casa Noble is that it is listed as a registrant of the domain name www.casanoble.com and that some of Plaintiff's registered works appear on that site. (FAC 35 (providing chart noting that two of Plaintiff's registered works appear on the website).) But there are no actual allegations that satisfy the causation element of direct infringement (e.g., that Casa Noble posted those works on its site, created derivative versions of the copyrighted works, or offered for sale the allegedly infringing merchandise). Merely alleging that an entity owns or operates a domain name is not enough to plausibly demonstrate that the entity caused, for example, a copy of Plaintiff's copyrighted work to appear on its site. *See, e.g.*, *Perfect 10 II*, 847 F.3d at 668 ("The sole evidence Perfect 10 points to in support of its argument that Giganews was not merely a passive host shows only that images and thumbnails were accessed through the Giganews platform. The evidence does not demonstrate that Giganews—as opposed to the user who called up the images—caused the images to be displayed."); *Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 271 (S.D.N.Y. 2000) (dismissing direct copyright infringement claims against certain defendants because the complaint failed to provide "any description of acts that could lead to the conclusion of direct copyright" infringement).

To be sure, Plaintiff provides additional allegations and exhibits against a group of Defendants he labels "CASA NOBLE" Defendants. (FAC ¶ 113 (labeling Casa Noble Holdings LLC and Casa Noble Holding, LLC as "CASA NOBLE").) But this group does not include Casa Noble Spirits, LLC. Indeed, as discussed, the only references to Casa Noble Spirits, LLC are in the case caption and regarding its status as a domain name

registrant for www.casanoble.com. The Court will entertain a reasonable level of group pleading in assessing the adequacy Plaintiff's FAC, but a prerequisite to that, of course, is that the group actually include the moving Defendant. And here it does not. Accordingly, the Court **GRANTS** this portion of Defendants' MTD and **DISMISSES WITHOUT PREJUDICE** Plaintiff's copyright infringement claims[10] against Casa Noble Spirits, LLC.

## IV. DPC Defendants' Motion to Dismiss (ECF No. 116)

As above, *supra* Part II, various Defendants (hereinafter, the "DPC Defendants"[11]), move to dismiss Plaintiff's FAC on several grounds, including: (A) failure to state claims for copyright infringement; (B) Plaintiff's ninth cause of action is preempted by the Copyright Act; and (C) Plaintiff's tenth cause of action for constructive trust is not a cause of action. (*See generally* "DPC MTD," ECF No. 116-1.) However, Plaintiff concedes that he "will not be pursuing [his state court claims] against the moving Defendants."[12] ("DPC MTD Opp'n" 9, ECF No. 143.) Accordingly, the Court only considers the DPC Defendants' arguments regarding Plaintiff's claims for copyright infringement.[13]

---

[10] Because Plaintiff fails to state a direct infringement claim against Casa Noble Spirits, LLC, and because Plaintiff fails to allege that Casa Noble Spirits, LLC was otherwise aware of or encouraged another's direct infringement, his secondary infringement claims against this Defendant also fail. *See, e.g.*, *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 591 F. Supp. 2d 1098, 1104 (N.D. Cal. 2008) ("All theories of secondary liability for copyright and trademark infringement require some underlying direct infringement by a third party." (citing *Perfect 10 I*, 494 F.3d at 795, 807)).

[11] These moving Defendants include Dorfman-Pacific Co., Inc. (sued herein as Dorfman Pacific Co.); Shawn Daniel (sued herein as Shawn Daniel doing business as www.dorfmanpacific.com); Steven Singer (sued herein as Steven Singer doing business as Hartford York); Hats.com, LLC (sued herein as Hats.com, LLC doing business as www.hats.com); Bel-Born Management Corp. (sued herein as Bel-orn Management Corp. doing business as www.villagehatshop.com); Gary Monds (sued herein as Gary Monds doing business as Phoenix Leather Goods dba www.beltoutlet.com); and Phoenix Leather Goods LLC (sued herein as Phoenix Leather Goods doing business as www.beltoutlet.com). (DPC MTD 7.)

[12] Additionally, Plaintiff has since dismissed Defendant Shawn Daniel. (DPC MTD Opp'n 9.)

[13] Also, as above, *supra* Part II, Defendants argue that (1) Plaintiff impermissibly seeks punitive damages under the Copyright Act, (2) Plaintiff impermissibly seeks punitive damages and fees under the California Civil Code based on copyright claims, (3) the Copyright Act does not allow a remedy for injury to business reputation, and (4) Plaintiff impermissibly seeks both profits and statutory damages under the Copyright Act. (DPC MTD 15–16.) Plaintiff does not respond to these arguments in this particular motion, but he

Defendants argue that Plaintiff fails to state a claim for direct copyright infringement against each DPC Defendant. (DPC MTD 10–12.) The Court partially agrees.

To begin, the Court finds that Plaintiff's charts showing (1) a domain name, (2) the alleged owner/operator of that domain name, and (3) the "registrations infringed" presumably on those sites are insufficient to state a claim for direct copyright infringement. Specifically, as discussed above, *supra* Part II, this information is insufficient to plausibly allege the causation element of direct infringement (i.e., that Defendant acted in some way to infringe Plaintiff's copyrighted works). Nor does Plaintiff identify any other material allegations in its opposition against the majority of the DPC Defendants. (*See* DPC MTD Opp'n 6–9 (arguing that its charts are sufficient to state a claim for direct infringement against certain Defendants).)

But Plaintiff does provide additional allegations against Defendant Dorfman-Pacific, Inc. For instance, Plaintiff alleges that Dorfman "infringed the HANDRAWN ABRAXAS ANGEL by copying and/or distributing same on hat boxes containing SANTANA's hats." (FAC ¶ 213.) Plaintiff also alleges that Dorfman "directly infringed the New Lion works by making unauthorized derivative works and/or copying and distributing the originals and/or derivatives via their online 2015-2017 eCatalogs, hard copies of same, and the hats, boxes and merchandizing and marketing materials sold through their catalogs and the above websites." (*Id.* ¶ 327; *see also* Ex. 88 (depicting relevant pages of the Dorfman eCatalogs).) This is sufficient to state a claim of direct infringement against Defendant Dorfman-Pacific, Inc. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** this portion of the DPC MTD. Thus, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's direct copyright infringement claims against all DPC Defendants except Dorfman-Pacific, Inc.

/ / /

---

has agreed to correct these deficiencies in his amended complaint. *See supra* Section II.A. Accordingly, Plaintiff will have an opportunity to amend his complaint on these grounds as to the DPC Defendants consistent with his representations above and the Court's Order. *See id.*

13

Defendants further argue that Plaintiff fails to state a claim for secondary copyright infringement against the DPC Defendants. (DPC MTD 13–14.) Plaintiff does not address these arguments in his opposition to Plaintiff's motion.[14] (*See generally* DPC MTD Opp'n.) Accordingly, the Court **GRANTS** this portion of the DPC MTD and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for secondary copyright infringement against the DPC Defendants. *See, e.g.*, *Said v. Cty. of San Diego*, No. 12CV2437-GPC RBB, 2013 WL 2120866, at *3 (S.D. Cal. May 15, 2013) ("[S]ince Plaintiff has not addressed the merits of Defendants' argument, the court assumes that [P]laintiff concedes this point.").

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** the various Motions to Dismiss. Plaintiff's FAC is **DISMISSED WITHOUT PREJUDICE** unless otherwise noted. Plaintiff **SHALL FILE** an amended complaint, if any, <u>on or before 21 (twenty-one) days from the date on which this Order is electronically docketed</u>. In so amending, Plaintiff is advised to provide an amended complaint that more clearly and concisely states a claim for relief against <u>each particular Defendant</u>. *See* Fed. R. Civ. P. 8(a)(2) (requiring a pleading to contain "a short and plain statement" of the grounds for relief).

**IT IS SO ORDERED.**

Dated: July 6, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[14] Plaintiff, in conclusory fashion, simply states that he "sufficiently alleg[es] Defendants' direct <u>and</u> <u>secondary</u> infringing activity." (DPC MTD Opp'n 2 (emphasis added).)