UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GOTTESMAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CARLOS SANTANA, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 16-CV-2902 JLS (JLB)<br><br>**ORDER ON (1) ATTORNEY DEFENDANTS' SPECIAL ANTI-SLAPP MOTION TO STRIKE AND (2) PLAINTIFF'S MOTION TO STRIKE**<br><br>(ECF Nos. 77, 158) |

Presently before the Court are Defendants Daniel J. Schacht, Esq.'s, ("Shacht") and the law firm Donahue Fitzgerald LLP's, ("Donahue") (collectively, the "Attorney Defendants") Special Motion to Strike Plaintiff's FAC Under California's Anti-SLAPP Law,[1] ("anti-SLAPP MTS," ECF No. 77), and Attorney Defendants' Reply in Support of Special Motion to Strike (Anti-SLAPP) and Rule 12(f) Motion to Strike, ("anti-SLAPP MTS Reply," ECF No. 153).[2] Also before the Court are Plaintiff's "Motion to Strike and/or Dismiss Donahue Fitzgerald, LLP and Daniel J. Scha[ch]t 'Reply in Support of Special Motion to Strike (anti-SLAPP) and Rule 12(f) Motion' at Doc.: #153 Pursuant to 12(b)(1),

---

[1] *See* Cal. Civ. Proc. Code § 425.16 *et seq.*

[2] Plaintiff did not file an opposition to Attorney Defendants' motion.

1

(6), and (f)," ("MTS," ECF No. 158), as well as Attorney Defendants' response in opposition to, ("MTS Opp'n," ECF No. 163), and Plaintiff's reply in support of, ("MTS Reply," ECF No. 165), Plaintiff's Motion to Strike. The Court vacated the hearing on the motions and took them under submission pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 168.) After considering the parties' arguments and the law, the Court rules as follows.

## BACKGROUND

Plaintiff is a professional artist who has extensive experience in, among other things, freehand airbrush, hand-drawn and digital illustration, graphic design, and photo retouching. (First Am. Compl. ("FAC") ¶ 16, ECF No. 38.) Plaintiff has produced original works of art and designs for a number of clients, including, for example, Carlos Santana, the Jimi Hendrix Estate, Tom Petty and the Heartbreakers, and Metallica. (*Id.* ¶ 15.) This case concerns Plaintiff's work for Defendant Carlos Santana.

After Plaintiff spent some time working at a Fullerton-based company where he created graphics for bands, celebrities, casinos, and the like, (*id.* ¶ 21), Santana contacted and engaged Plaintiff as an independent contractor to create the art and design for merchandizing in connection with an event, (*id.* ¶ 30). Santana was so impressed with his work that he invited Plaintiff to his home and said he believed Plaintiff was the artist that had the ability to "turn SANTANA into a brand." (*Id.* ¶ 33.) The parties entered into a business relationship where Plaintiff submitted original works to Santana and his management company for use in building the Santana brand. (*Id.* ¶ 176.) Plaintiff retained ownership in these works, but each submitted work contained limited copy and distribution rights. (*Id.*)

Plaintiff filed a 103-page, 473-paragraph FAC against dozens of Defendants associated with Defendant Carlos Santana. (ECF No. 38.) The gravamen of Plaintiff's claims is that these Defendants infringed his copyrights in several of his works by exceeding the scope of the licenses in those works. (*See generally* FAC.) Thus, Plaintiff brings claims for: (1) copyright infringement; (2) contributory copyright infringement; (3) vicarious copyright infringement; (4) inducing copyright infringement; (5) breach of

contract; (6) intentional misrepresentation; (7) negligent misrepresentation; (8) breach of implied covenant of good faith and fair dealing; (9) unfair business practices; and (10) constructive trust. (*Id.*)

Various Defendants, including Attorney Defendants, filed motions to dismiss for failure to state a claim.[3] But Attorney Defendants also filed an anti-SLAPP motion. Plaintiff voluntarily dismissed Attorney Defendants shortly thereafter. (ECF Nos. 130, 132.) However, Attorney Defendants claim that this "type of litigation chicanery has been overwhelmingly rejected by the courts" and argue that "when a plaintiff tries to avoid an adverse ruling on an anti-SLAPP motion by dismissing the moving party, a court must rule on the merits of the anti-SLAPP motion by identifying the prevailing party, thereby allowing for the mandatory recovery of attorney's fees." (anti-SLAPP MTS Reply 2.[4]) Plaintiff now moves to strike Attorney Defendants' Reply on various grounds. (*See generally* MTS). Accordingly, the Court considers Attorney Defendants' anti-SLAPP motion in view of Plaintiff's subsequently filed motion.

## LEGAL STANDARDS

### I. Rule 12(f) Motion to Strike

Rule 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). Accordingly, "[a] defense may be struck if it fails to provide 'fair notice' of the

///

---

[3] These motions are addressed in a separate Order.

[4] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

basis of the defense." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1048 (N.D. Cal. 2004); *see also Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

"Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader.'" *Id.* (citing *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)).

Finally, this Court recently held that the *Twombly* and *Iqbal* pleading standard applies to affirmative defenses. *Rahman v. San Diego Account Service*, No. 16CV2061-JLS (KSC), 2017 WL 1387206 (S.D. Cal. Apr. 18, 2017). While the Court acknowledged that district courts are split on the issue, it ultimately determined that *Wyshak*'s "fair notice" standard, which relied on the sole case of *Conley v. Gibson*, 355 U.S. 41 (1957), had necessarily been abrogated by the Supreme Court's decisions in *Twombly* and *Iqbal*. *Id.* at *2. "Accordingly, 'fair notice' necessarily now encompasses the 'plausibility' standard; whatever standard 'fair notice' previously encompassed no longer exists." *Id.*

## II. Anti-SLAPP Motion to Strike

California's anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute provides redress for those hauled into court "primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a). Specifically, the statute provides a special motion to strike which may entitle successful movants to attorneys' fees and costs. *Id.* §§ 425.16(b), (c)(1). "California's anti-SLAPP statute allows a defendant to move to strike a plaintiff's complaint if it 'aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection

with a public issue.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) (quoting Cal. Civ. Proc. Code § 425.16(b)(1)). "The California legislature has instructed that the statute should be 'construed broadly.'" *Id.* (quoting Cal. Civ. Proc. Code § 425.16(a)). Furthermore, anti-SLAPP motions can be raised in federal court to target state law claims. *See, e.g.*, *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1013 n.5 (9th Cir. 2013) ("We have held that [an anti-SLAPP] motion is available against state law claims brought in federal court.").

A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry. "First, a defendant 'must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech.'" *Vess*, 317 F.3d at 1110 (quoting *Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 63 F. Supp. 2d 1127, 1129 (N.D. Cal. 1999)). "The defendant need not show that the plaintiff's suit was brought with the intention to chill the defendant's speech; the plaintiff's 'intentions are ultimately beside the point.'" *Id.* (quoting *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002)). Nor does the defendant bringing the motion need to show that its speech was actually chilled. *Id.* (citing *City of Cotati v. Cashman*, 29 Cal. 4th 69, 75–76 (2002)).

"Second, once the defendant has made a prima facie showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.'" *Id.* (quoting *Globetrotter Software*, 63 F. Supp. 2d at 1129). If "the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim," the court must deny the motion. Cal. Civ. Proc. Code § 425.16(b)(1).

**ANALYSIS**

Plaintiff moves to strike Attorney Defendants' reply brief in support of their anti-SLAPP motion to strike and presumably the anti-SLAPP motion itself. Because this motion may dispose of the anti-SLAPP motion, the court considers it first. If necessary, the Court thereafter considers Attorney Defendants' anti-SLAPP motion to strike.

///

## I. Plaintiff's Motion to Strike

Plaintiff moves to strike Attorney Defendants' reply brief in support of their anti-SLAPP motion to strike. The essence of Plaintiff's motion is that because he voluntarily dismissed Attorney Defendants from this case, their motion is now moot or, in the alternative, the Court lacks the authority to consider their still-pending motion. (*See generally* MTS.)

The Court partially agrees, but it makes no difference to the outcome Plaintiff seeks to avoid. Procedurally, Plaintiff is correct that the anti-SLAPP motion is moot given his voluntary dismissal of Attorney Defendants. But, as discussed below, the Court will exercise its limited jurisdiction over the motion to determine whether Attorney Defendants are "prevailing defendants" under the anti-SLAPP statute for purposes of attorneys' fees and costs. *See, e.g.*, *eCash Techs., Inc. v. Guagliardo*, 210 F. Supp. 2d 1138, 1154 (C.D. Cal. 2001) ("However, the Court does not *decide* this Motion, since it is mooted by the voluntary dismissal of these claims. Discussion of the merits of the Motion was a necessary precursor to discussion of attorneys' fees and costs under Section 425.16, but it would be improper to grant or deny the motion after Defendants' voluntary dismissal of the relevant claims." (emphasis in original) (citing *Kyle v. Carmon*, 71 Cal. App. 4th 901, 908 (1999))); *Palermo v. Underground Sols., Inc.*, No. 3:12-CV-01223-WQH, 2013 WL 310556, at *3 (S.D. Cal. Jan. 25, 2013) (finding same). Accordingly, the Court **DENIES AS MOOT** Attorney Defendants' anti-SLAPP Motion to Strike (ECF No. 77).

Indeed, Plaintiff is incorrect that his voluntary dismissal prevents the Court from determining whether Attorney Defendants are nevertheless entitled to statutory attorneys' fees and costs. The Court retains the authority to make this determination even though Plaintiff voluntarily dismissed Attorney Defendants. *See, e.g.*, *Law Offices of Andrew L. Ellis v. Yang*, 178 Cal. App. 4th 869, 879 (2009) ("[T]he anti-SLAPP statute . . . anticipates circumstances in which parties dismiss their cases while motions to strike are pending. In such circumstances, the trial court is given the limited jurisdiction to rule on the merits of the motion in order to decide if it should award attorney fees and costs to the defendants.").

The reasoning for this retention of limited jurisdiction makes intuitive sense. As the court in *Coltrain v. Shewalter* explained, a voluntary dismissal should not automatically preclude an award of attorneys' fees to a defendant because

> [o]therwise, SLAPP plaintiffs could achieve most of their objective with little risk—by filing a SLAPP suit, forcing the defendant to incur the effort and expense of preparing a special motion to strike, then dismissing the action without prejudice. The specter of the action being refiled (at least until the statute of limitations had run) would continue to have a significant chilling effect on the defendant's exercise of its First Amendment rights. At that point, the plaintiff would have accomplished all the wrongdoing that triggers the defendant's eligibility for attorney's fees, but the defendant would be cheated of redress.

*Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 106–07 (1998), *as modified* (Sept. 4, 1998).

Thus, consistent with the courts of the Ninth Circuit and of this state, the Court will consider the merits of Attorney Defendants' anti-SLAPP motion, in spite of Plaintiff's voluntary dismissal, for the limited purpose of determining whether Attorney Defendants are "prevailing defendants" under the statute. *See, e.g.*, *id.* at 107 (holding that "where the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under Code of Civil Procedure section 425.16, subdivision (c)"); *Moore v. Liu*, 69 Cal. App. 4th 745, 751 (1999), *as modified* (Feb. 5, 1999) (holding that "a defendant who is voluntarily dismissed, with or without prejudice, after filing a section 425.16 motion to strike, is nevertheless entitled to have the merits of such motion heard as a predicate to a determination of the defendant's motion for attorney's fees and costs under subdivision (c) of that section"); *eCash Techs., Inc. v. Guagliardo*, 127 F. Supp. 2d 1069, 1083 (C.D. Cal. 2000) ("The Court proceeds on the Motion to Strike the state law counterclaims despite Defendants' voluntary dismissal, due to the possibility that if a Motion to Strike would be appropriate under Section 425.16, Plaintiff is entitled

to fees and costs. (citing, e.g., *Liu*, 69 Cal App. 4th at 751)), *aff'd*, 35 F. App'x 498 (9th Cir. 2002); *Mireskandari v. Mail*, No. CV1202943MMMFFMX, 2014 WL 12561581, at *4 (C.D. Cal. Aug. 4, 2014), *aff'd in part, appeal dismissed in part sub nom. Mireskandari v. Associated Newspapers, Ltd.*, 665 F. App'x 570 (9th Cir. 2016) (finding same and collecting authority).

Plaintiff's arguments to the contrary are unavailing. For one, Plaintiff argues that he "is substantially prejudiced by [Attorney Defendants'] dilatory and vexatious 'Reply.'" (MTS 5.) But Attorney Defendants' Reply simply informs the Court that it retains the ability to declare Attorney Defendants the prevailing party for purposes of attorneys' fees and costs under the anti-SLAPP statute. (*See generally* anti-SLAPP MTS Reply.) There is nothing dilatory or vexatious about accurately stating the law.

Furthermore, Plaintiff argues that the Court no longer has subject matter jurisdiction over the anti-SLAPP motion by virtue of the voluntary dismissal, (MTS 6–7), and that voluntarily dismissed parties no longer have standing to file documents or have the merits of their moot motion revived or adjudicated by the court, (*id.* at 7–8). But Plaintiff fails to demonstrate how his citations to authority expounding on these general principles relate to, or otherwise impact, anti-SLAPP special motions to strike. Rather, as discussed above, the wealth of authority explains that the Court retains the ability to assess whether Attorney Defendants are the prevailing party for purposes of attorneys' fees and costs.

Finally, Plaintiff argues that his right to reinstate Attorney Defendants under the Federal Rules of Civil Procedure preempts application or enforcement of the anti-SLAPP statute. (MTS 13.) This argument fails for at least two reasons. First, nothing in the anti-SLAPP statute prevents Plaintiff from reinstating Attorney Defendants. While Plaintiff argues that paying potential attorneys' fees for suing them once might discourage him from doing so again, the California state legislature has determined that is the cost of suing prevailing parties under the anti-SLAPP statute.

Second, Plaintiff has presented no authority conclusively stating that the Federal Rules of Civil Procedure preempt application or enforcement of the anti-SLAPP statute.

8

16-CV-2902 JLS (JLB)

Rather, Plaintiff erroneously cites *Metabolife Int'l Inc. v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001), and *Traveler's Casualty Ins. v. Hirsh*, 831 F.3d 1179 (2016), for the proposition that the anti-SLAPP statute cannot be applied after voluntary dismissal under the federal rules. (MTS 13.) Both cases are inapposite. The Court in *Metabolife* held that, following an *Erie* analysis, the anti-SLAPP statute's stay on discovery does not apply in federal actions because the stay directly conflicts with the discovery provisions under the federal rules. 264 F.3d at 845–46. *Metabolife* did not hold that the anti-SLAPP motion itself or the attorneys' fees provision conflicted with the federal rules. To the contrary, the *Metabolife* Court reaffirmed that "there is no direct conflict between [the special motion to strike, § 425.16(b), and the availability of fees and costs, § 425.16(c)] and the Federal Rules, and that the purposes of *Erie* are advanced by adopting the California procedural rules." *Id.* at 845 (citing *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 970–73 (9th Cir. 1999)). Second, Plaintiff's reliance on Judge Kozinski's concurrence in *Traveler's*, while helpful to his argument, is not binding law. *See* 831 F.3d at 1182–83 (Kozinski, J., concurring) (opining that California's anti-SLAPP statute directly conflicts with Federal Rule of Civil Procedure 12). Indeed, Judge Kozinski begins his concurrence by noting that he joins the opinion, which affirmed the application of a California anti-SLAPP motion in federal court, "because the opinion faithfully applies our circuit's precedents, which accord federal-court defendants the procedural advantages of California's anti-SLAPP law." *Id.* at 1182. While the Ninth Circuit may one day agree with Judge Kozinski that "[t]hese interloping state procedures have no place in federal court," *id.* at 1182, for now, they do.

///
///
///
///
///
///

Accordingly, the Court **DENIES** Plaintiff's Motion to Strike Attorney Defendants' Reply to their anti-SLAPP Motion (ECF No. 158).[5] The Court now considers Attorney Defendants' anti-SLAPP Motion to Strike (ECF No. 77).

## II. Attorney Defendants' anti-SLAPP Motion to Strike

Attorney Defendants move to strike the two state law claims against them for "Unfair Business Practices" and "Constructive Trust." (anti-SLAPP MTS 16.) As discussed, Plaintiff voluntarily dismissed Attorney Defendants, so these claims are now moot. But Attorney Defendants nevertheless argue that they are entitled to attorneys' fees and costs as the prevailing party under the anti-SLAPP statute. (*See, e.g.*, MTS Opp'n 11.) Attorney Defendants also seek to strike allegedly spurious allegations against Attorney Defendants from the operative complaint under Federal Rule of Civil Procedure 12(f).[6] (anti-SLAPP MTS 31–33.) The Court considers each motion in turn.

### A. *Anti-SLAPP Special Motion to Strike*

Having established that the Court may consider Attorney Defendants' anti-SLAPP motion despite the voluntary dismissal, the Court must determine whether they are the "prevailing defendant" for purposes of awarding attorneys' fees and costs under the statute. *See, e.g.*, Cal. Code Civ. Proc. § 425.16(c)(1) ("[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs");

---

[5] The Court separately **DENIES** Plaintiff's Motion to Strike as procedurally improper. Specifically, Plaintiff's motion seeks to either strike or dismiss Attorney Defendants' Reply brief in support of their anti-SLAPP motion to strike. (*See generally* MTS.) As Attorney Defendants correctly note, a Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of allegations in a "pleading," and a Rule 12(f) motion to strike seeks to remove certain portions of a "pleading." (MTS Opp'n 8–10.) A reply brief is not a pleading. *See* Fed. R. Civ. P. 7(a) (defining pleadings without reference to motions or briefs in support of those motions); *id.* 7(b) (defining motions separately from pleadings). Nor does Plaintiff cite any authority explaining that a motion to strike or dismiss can target a reply brief. Accordingly, the Court separately **DENIES** Plaintiff's Motion to Strike as procedurally improper. *See, e.g.*, *Sidney-Vinstein v. A.H. Robins*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of [Rule 12(f)], only pleadings are subject to motions to strike.").

[6] Attorney Defendants also seek to dismiss the claims against them under Rule 12(b)(6). (anti-SLAPP MTS 30–31.) This request is now moot given that Plaintiff has dismissed them from this case.

*Mireskandari*, 2014 WL 12561581, at *4 (collecting authority for the proposition that a prevailing party under the statute is generally entitled to an award of attorneys' fees and costs). Thus, the Court considers (1) whether Attorney Defendants are "prevailing defendants" under the anti-SLAPP statute, and, if so, (2) whether and to what extent Attorney Defendants are entitled to attorneys' fees and costs.

### 1. *"Prevailing defendant"*

Generally, a court considering an anti-SLAPP motion determines whether a defendant is a prevailing defendant by assessing the merits of the motion to strike. However, California courts differ in approach when determining whether a defendant is a prevailing defendant under the anti-SLAPP statute when that defendant has been voluntarily dismissed from the action. *See, e.g.*, *Mireskandari*, 2014 WL 12561581, at *5 (discussing the differing approaches and collecting cases). Some courts, particularly state courts, *id.* at *5–6, follow the approach taken in *Liu*, which states that a court's "adjudication of the merits of a defendant's motion to strike is an essential predicate to ruling on the defendant's request for an award of fees and costs." 69 Cal. App. 4th at 752. Other courts, particularly federal courts applying the anti-SLAPP statute, *Mireskandari*, 2014 WL 12561581, at *6, have generally followed the *Coltrain* approach, which states that a plaintiff's voluntary dismissal raises a presumption that the defendant is the prevailing party that the plaintiff can rebut by explaining its reason for dismissal. *Coltrain*, 66 Cal. App. 4th at 107 (noting that the "critical issue is which party realized its objectives in the litigation"). The Court agrees with and joins its sister courts in holding that *Coltrain* provides a more pragmatic approach to assessing actions that have been voluntarily dismissed, and thus applies *Coltrain* to the instant anti-SLAPP motion. *See, e.g.*, *Mireskandari*, 2014 WL 12561581, at *6 (concluding same and collecting authority); *see also Associated Newspapers, Ltd.*, 665 F. App'x at 572 (affirming court's grant of attorneys' fees under the *Coltrain* approach).

As just discussed, under *Coltrain*, Plaintiff's voluntary dismissal of Attorney Defendants creates a presumption that Attorney Defendants are the prevailing party. 66

Cal. App. 4th at 107. As Attorney Defendants note, Plaintiff did not file an opposition to the anti-SLAPP motion. (MTS Opp'n 13.) Nor does Plaintiff, in his own motion to strike, explain why he dismissed Attorney Defendants while their anti-SLAPP motion was still pending. (*See generally* MTS; MTS Reply.) Rather, Plaintiff restates his belief that he has viable claims against Attorney Defendants despite the fact that he voluntarily dismissed them. (MTS 2–3.) He also argues that voluntary dismissal under Federal Rule of Civil Procedure 41 "does not require Plaintiff to explain why he dismissed his actionable claims against [Attorney Defendants]" and that it "does not provide for an extra-Judicial inquiry into the reasons for the dismissal." (MTS 12.) The Court generally agrees, insofar as Plaintiff is speaking to Rule 41. But the California anti-SLAPP statute, as interpreted and applied by *Coltrain* and its progeny, allows the Court to inquire into Plaintiff's reasons for dismissing these Defendants. And he has given none. Without more, the Court finds that Plaintiff has not rebutted the presumption that Attorney Defendants are the prevailing party for purposes of attorneys' fees and costs under the anti-SLAPP statute. *See, e.g.*, *Fleming v. Coverstone*, No. 08CV355 WQH (NLS), 2009 WL 764940, at *6 (S.D. Cal. Mar. 18, 2009) (finding that a defendant was a prevailing party within the meaning of California's anti-SLAPP statute where the plaintiff "d[id] not assert that he dismissed the defamation claim because Plaintiff has substantially achieved his goals through settlement, because Defendant was insolvent, or for other reasons unrelated to the probability of success on the merits"). Accordingly, the Court finds that Attorney Defendants are "prevailing defendants" under the anti-SLAPP statute. That said, while prevailing defendants are generally entitled to statutory attorneys' fees and costs, the Court finds that, as discussed below, additional briefing is required to determine whether Attorney Defendants can recover those fees and costs under existing state law. *See infra* Section II.A.2.

///
///
///
///

In opposition, Plaintiff argues that (1) the Copyright Act preempts California's anti-SLAPP statute, (MTS 8–11), and (2) Attorney Defendants' act of filing trademark applications is not "protected activity" under the anti-SLAPP statute, (*id.* at 14–23). Neither argument is persuasive.[7]

First, Plaintiff argues that the Copyright Act preempts California's anti-SLAPP statute for a number of reasons. (*Id.* at 8–11.) For one, Plaintiff argues that Attorney Defendants "cannot in good faith rely on a state statute that has its very purpose, deterring lawsuits that chill the right to petition or free speech, by invoking it to chill Plaintiff's exercise of his federal right to petition this Court under the Copyright Act for violation of his federal rights over the same subject matter." (*Id.* at 8.) But that is not what is happening in this case. Attorney Defendants' anti-SLAPP motion is based on Plaintiff's <u>state law</u> claims against them, not Plaintiff's copyright infringement claims. Indeed, both parties correctly concede that California's anti-SLAPP statute applies only to state law claims. *See, e.g.*, *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010) ("[T]he anti-SLAPP statute does not apply to federal law causes of action."). Thus, Attorney Defendants have not "chilled" Plaintiff's ability to sue Attorney Defendants for alleged copyright infringement by filing their anti-SLAPP motion because that motion by definition cannot target Plaintiff's federal claims. Plaintiff's decision to dismiss all claims against Attorney Defendants, including the copyright infringement claims, was his own—and his failure to explain it subjects him to possible attorneys' fees and costs under the anti-SLAPP statute.

/ / /

---

[7] The Court agrees with Attorney Defendants that Plaintiff's arguments in his Motion to Strike are also a late-filed opposition to Attorney Defendants' anti-SLAPP Motion to Strike. (MTS Opp'n 10.) Attorney Defendants are also right that the Court may find that Plaintiff waived these arguments based on his failure to follow this Court's briefing schedule and the Civil Local Rules. *See, e.g.*, S.D. Cal. CivLR 7.1(f)(3)(c) (stating that if a party fails to timely file an opposition "that failure may constitute a consent to the granting of a motion or other request for ruling by the court"); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (upholding a district court's decision to dismiss a complaint where the plaintiff failed to file an opposition as required by local rules). Nevertheless, given the unique procedural posture of anti-SLAPP motions to strike and the effects (or non-effects) of voluntary dismissal on the same, the Court considers Plaintiff's arguments in assessing Attorney Defendants' motion.

Plaintiff also argues that the Copyright Act "occupies the field with regard to an award of attorney fees in a copyright infringement action" and "because [Attorney Defendants] are not 'prevailing part[ies]' under the Copyright Act, they are not entitled to attorney fees." (MTS 8.) The Court disagrees. Courts in the Ninth Circuit apply a two-part test to determine whether a state law claim is preempted by the Copyright Act. *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017). First, courts decide "whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103." *Id.* (citing *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006)). Second, assuming it does, courts determine "whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Id.* (internal quotation marks omitted).

Plaintiff fails to demonstrate that the anti-SLAPP statute is preempted under either step. Plaintiff has not demonstrated that the anti-SLAPP statute falls within the subject matter of copyright. Nor has he demonstrated that the rights under the anti-SLAPP statute, particularly the remedial provisions, are equivalent to the rights contained in the Copyright Act. To be sure, the Copyright Act, like the anti-SLAPP statute, provides attorneys' fees for prevailing parties. *See, e.g.*, 17 U.S.C. § 505 (providing for discretionary award of attorneys' fees to the prevailing party). But the anti-SLAPP statute does not supplant these attorneys' fees. And Plaintiff cites no authority explaining that a "prevailing party" is barred from recovering fees under both the anti-SLAPP statute and § 505 of the Copyright Act. In both cases, the Court must determine the "prevailing party"—but, importantly, neither determination impacts or preempts the other because, as Attorney Defendants correctly explain, the "two statutory schemes are designed to protect different rights and turn on different facts." (MTS Opp'n 14.) Thus, Plaintiff fails to establish that the Copyright Act preempts the relevant portions of California's anti-SLAPP statute.

Second, Plaintiff argues that Attorney Defendants' act of filing trademark applications is not "protected activity" under the anti-SLAPP statute. (MTS 14–23.) The

Court disagrees. The anti-SLAPP statute protects acts in furtherance of the right of petition or free speech. In order to prevail on their anti-SLAPP motion, Attorney Defendants must make a "threshold showing" that "'the act or acts of which the plaintiff complains were taken in furtherance of [their] right of petition or free speech under the United States or California Constitution in connection with a public issue or an issue of public interest.'" *Hilton*, 599 F.3d at 903 (quoting *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002)). As defined in the statute, an

> "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e).

The law is clear that the act of filing a trademark application with the U.S. Patent and Trademark Office ("USPTO") is protected by the anti-SLAPP statute as a writing made before an executive or other official proceeding authorized by law. *Id.*; *Mindys Cosmetics, Inc.*, 611 F.3d at 596 (concluding that the filing of a trademark application is protected by the anti-SLAPP statute as a "writing made before . . . [an] executive [or] . . . other official proceeding authorized by law" and may also be a "writing made in connection with an issue under consideration . . . by . . . [an] executive . . . body, or any other official proceeding").

/ / /

Plaintiff provides no authority to the contrary, and actually agrees that "the act of submitting a trademark application may be protected activity when properly invoked . . . ." (MTS Reply 5.) Rather, Plaintiff's core argument is that filing a trademark application is not protected activity "when the invocation of the process results from a material misrepresentation of fact in the Declaration the USPTO requires before accepting the application." (*Id.*) Specifically, Plaintiff argues that Attorney Defendants failed to conduct an independent verification of the copyright status of Plaintiff's artwork prior to including it in the trademark application, and thus they "fail to address the material fact that Plaintiff's copyright infringement claims are based on [Attorney Defendants'] asserting a fictitious right to any use of the infringed work in the trademark application . . . ." (*Id.*; *see also* MTS 14–23 (presenting arguments and evidence).)

This argument fails. Plaintiff's arguments and proffered evidence do not conclusively establish that Plaintiff retained all rights in the underlying works. At best they show that Plaintiff raised a dispute about the scope of his rights in the works after Attorney Defendants filed trademark applications using some portion of those works. Nor does the existence of this dispute strip the registrations of their protected status. As Attorney Defendants explain, the trademark registration process assumes that disputes may exist. (MTS Opp'n 15.) For instance, before issuing a registration, the USPTO publishes the trademark for opposition by third parties, who may oppose the mark and undergo an adjudicatory proceeding with the Trademark Trial and Appeal Board ("TTAB"). (*Id.*); *see also* USPTO, *About the Trademark Trial and Appeal Board*, https://www.uspto.gov/trademarks-application-process/trademark-trial-and-appeal-board (last visited June 27, 2017) ("The TTAB is an administrative board that hears and decides adversary proceedings between two parties, namely, oppositions (party opposes a mark after publication in the Official Gazette ) and cancellations (party seeks to cancel an existing registration)."). And Plaintiff remained free to—and in fact did—file suit against Attorney Defendants, among others, to determine the scope of his copyrights and whether

///

Defendants infringed those rights; indeed, the entire purpose of this lawsuit is ostensibly to determine the scope of Plaintiff's rights—if any—in the allegedly infringed-upon works.

The Court understands Plaintiff's argument that Attorney Defendants somehow infringed Plaintiff's copyrights in so doing, but that does not change the protected status of the activity. Plaintiff's argument is better suited to an assessment on the merits of his claims for copyright infringement against Attorney Defendants, which, along with the state claims at issue, he dismissed for reasons unknown to the Court. Nor did Plaintiff otherwise argue that he was likely to succeed on the merits of his state law claims in opposition to Attorney Defendants' anti-SLAPP motion, which might otherwise be relevant if the Court conducted an analysis under *Liu*. Accordingly, the Court concludes that Attorney Defendants' filing of trademark registrations remains protected activity, notwithstanding the present dispute between the parties.

2. *Attorneys' fees and costs*

As discussed, the Court has determined that Attorney Defendants are "prevailing defendants" under the anti-SLAPP statute. Generally, such defendants are entitled to an award of attorneys' fees and costs commensurate with their efforts in filing motions under the statute. But Plaintiff argues that even if Attorney Defendants are "prevailing defendants," California law prohibits law firms and partners representing each others' common interests from receiving attorneys' fees under the anti-SLAPP statute. (MTS 24–25; MTS Reply 8–10.) Here, the Court partially agrees with Plaintiff and thus requires further briefing from Attorney Defendants to determine whether they can indeed recover attorneys' fees pursuant to existing California law.

Plaintiff's argument stems from the California Supreme Court's decision in *Trope v. Katz*, 11 Cal. 4th 274, 277 (1995). In that case, the Court held that a law firm was not entitled to recover reasonable attorneys' fees after successfully representing itself in a breach of contract case brought by a client. *Id.* The Court reasoned that despite the availability of reasonable attorneys' fees to the prevailing party under the parties' contract, enforceable under California Civil Code section 1717's ("section 1717") contractual fee-

shifting provision, an "attorney who chooses to litigate in propria persona . . . does not pay or become liable to pay consideration in exchange for legal representation [and thus] cannot recover 'reasonable attorney's fees' under Civil Code section 1717 . . . ." *Id.* at 292.

Since the *Trope* decision, several California appellate courts have extended the bar on certain attorneys recovering attorneys' fees to the anti-SLAPP attorneys' fees provision. For instance, in *Witte v. Kaufman*, 141 Cal. App. 4th 1201, 1211–12 (2006), the court rejected an award for attorneys' fees incurred by three attorneys on behalf of their own law firm, finding that by representing their firm "they are comparable to a sole practitioner representing himself or herself." In so holding, the *Witte* Court distinguished its case from other cases that allowed attorneys to recover fees under the anti-SLAPP statute. *E.g.*, *id.* at 1210 (citing *PLCM Grp., Inc. v. Drexler*, 22 Cal. 4th 1084 (2000), where the California Supreme Court permitted an award of attorneys' fees under section 1717 to a corporation that appeared in the action through its in-house counsel because none of the considerations animating *Trope* apply in the case of in-house counsel); *id.* at 1210 (citing *Gilbert v. Master Washer & Stamping Co., Inc.*, 87 Cal. App. 4th 212 (2001), where the court allowed an attorney represented by others at his firm to recover fees under section 1717 because the attorney and his colleagues were in an attorney-client relationship). The *Witte* Court also agreed that an "attorney appearing in an action on his own behalf may nevertheless retain outside counsel for assistance, and the legal expenses incurred for such outside representation may be included in an award of attorney fees." *Id.* at 1211–12 (citing *Mix v. Tumanjan Dev. Corp.*, 102 Cal. App. 4th 1318, 1324–25 (2002)).

In sum, Plaintiff is right that California case law dictates that, in many cases, prevailing attorneys are unable to recover attorneys' fees under the anti-SLAPP statute. But even the cases Plaintiff cites conduct further analysis into the relationship between the "prevailing defendant" attorney and the attorneys involved in preparing the anti-SLAPP motion before denying them fees. *See, e.g.*, *Ellis Law Grp., LLP v. Nev. City Sugar Loaf Properties, LLC*, 230 Cal. App. 4th 244, 256, 260 (2014), *as modified* (Oct. 22, 2014) (reversing an award of attorneys' fees after concluding that the "evidence in the record

shows a close, continuous, and personal relationship that defeats recovery of attorney fees for [the attorney-claimant's] work in defending [the prevailing defendant]"). The problem in this case, of course, is that this information is not before the Court. As the parties' briefing currently stands, the Court is unaware of precisely which attorneys and firms worked on Attorney-Defendants' anti-SLAPP motion. Equally as important, it is not clear that Attorney Defendants will even move for attorneys' fees based on fees incurred by attorneys that are clearly barred under existing case law. Simply put, the Court needs this information to determine whether California case law bars recovery, or whether those cases are distinguishable from the fees incurred in this case. Categorically barring them from even presenting this evidence and ruling against them at this stage, as Plaintiff suggests, is inequitable and unwarranted even under this case law. It may well be that, after careful assessment of the different attorneys' fees incurred, the Court will determine that Attorney Defendants are not entitled to recover any attorneys' fees and costs. Or they may be entitled to some—but not all—under existing California law. But that is a determination for another day.[8] Today, the Court only concludes that Attorney Defendants are prevailing defendants under California's anti-SLAPP statute.

### B. Rule 12(f) Motion to Strike

Attorney Defendants also seek to strike certain allegations in Plaintiff's FAC under Rule 12(f). (anti-SLAPP MTS 31.) Plaintiff argues that this motion to strike is moot pursuant to his voluntary dismissal of Attorney Defendants. (MTS 23.) The Court agrees. While the Court agrees with Attorney Defendants that the Court retains limited jurisdiction to assess their anti-SLAPP motion, Attorney Defendants have presented no authority explaining that the Court must entertain a Rule 12(f) motion to strike after the movants have been dismissed from the case. To be sure, the Court may on its own strike portions of a pleading under Rule 12(f)(1). But the Court declines to do so at this juncture because, as

---

[8] The Court sets a briefing schedule on Attorney Defendants' motion for attorneys' fees at the conclusion of this Order.

explained in its Order dismissing Plaintiff's FAC, Plaintiff will have an opportunity to amend his complaint to cure certain pleading deficiencies. He will also have the opportunity to reconsider his allegations against Attorney Defendants, and in so doing he has the benefit of knowing their objections to his allegations as they currently stand. Defendants are, of course, free to renew their motion to strike if they object to these same—or other—allegations in Plaintiff's amended complaint. Accordingly, the Court **DENIES AS MOOT** Attorney Defendants' Motion to Strike (ECF No. 77).

## CONCLUSION

For the reasons stated above, the Court (1) **DENIES** Plaintiff's Motion to Strike (ECF No. 158), and (2) **DENIES AS MOOT** Attorney Defendants' anti-SLAPP Motion to Strike (ECF No. 77). Consistent with this Order, Attorney Defendants **SHALL FILE** their motion for statutory attorneys' fees <u>on or before thirty (30) days from the date on which this Order is electronically docketed</u>. Plaintiff **SHALL FILE** his opposition to this motion <u>on or before fourteen (14) days from the date on which Attorney Defendants file their motion</u>. Attorney Defendants **SHALL FILE** their reply in support of their motion, if any, <u>seven (7) days from the date on which Plaintiff files his opposition</u>. The Court will not hold a hearing on this motion absent a request from either party.

**IT IS SO ORDERED.**

Dated: July 6, 2017

Hon. Janis L. Sammartino
United States District Judge