UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GOTTESMAN,<br><br>                        Plaintiff,<br><br>v.<br><br>CARLOS SANTANA, et al.,<br><br>                        Defendants. | Case No.: 16-cv-2902 JLS (JLB)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**<br><br>**[ECF No. 198]** |

Before the Court is Plaintiff Eric Gottesman's Motion to Compel Further Discovery Responses from Santana Defendants. (ECF No. 198.) Plaintiff seeks to compel responses to his first set of requests for production and interrogatories propounded on the Santana Defendants.[1] (*Id*.) Santana Defendants object to Plaintiff's discovery requests as overbroad and unduly burdensome because they seek information prior to November 29, 2013, the date Santana Defendants argue represents the statute of limitations cutoff for Plaintiff's claims and the natural boundary for discoverable information, and because the

---

[1] "Santana Defendants" includes Carlos Santana; Michael Vrionis; Santana Tesoro, LLC; Guts & Grace Records, Inc.; Universal Tone Management, LLC; Cristalino, Inc.; Santana IV, LLC; Salvador Santana; Hi Fidelity Entertainment, Inc.; Dawn DeBisschop; Howard Schomer; Constellation Brands, Inc.; Casa Noble Spirits, LLC; Casa Noble Holdings, LLC; Art.com, Inc.; Band Tees Apparel; Double O, LLC; GFM Licensing Group, LLC; The Rock.com Group, Inc.; and Wal-Mart Stores, Inc. Double O, LLC has recently reached a settlement in this action.

1

parties allegedly had an agreement limiting Santana Defendants production obligations. (ECF No. 204.)

## I. FACTUAL BACKGROUND

Plaintiff is an artist and illustrator who has created artwork, logos, and signage for a number of prominent rock n' roll performers, including Carlos Santana, Jimi Hendrix, Tom Petty, Billy Idol, the Sex Pistols, Metallica, and Red Hot Chili Peppers. (ECF No. 183 at 10.)[2] On or about 2005, Defendant Santana Tesoro, a company affiliated with Carlos Santana, hired Plaintiff to produce artwork for use in Santana marketing and merchandise. (ECF No. 190 at 6.) Plaintiff filed this case on November 29, 2016. (ECF No. 1.) Plaintiff filed his Second Amended Complaint on August 18, 2017, alleging claims of copyright infringement, vicarious and/or contributory copyright infringement, violation of 17 U.S.C. § 1202, and breach of contract against thirty-three defendants. (ECF No. 183.) Plaintiff alleges that between approximately 2005 and 2014 defendants exploited and infringed twenty pieces of artwork he created by (1) granting unauthorized licenses and/or sublicenses; (2) approving, selling, marketing, and distributing products that bore the artwork without permission; and (3) publishing and displaying the artwork without permission. (*Id*. at 11-24.) Plaintiff alleges that any licenses provided to defendants were limited to specific types of merchandise and materials, such as specific tour t-shirts or backstage passes. (*See id*. at 11, 13-14.) Plaintiff alleges that he did not provide any usage rights or a license of any kind for two pieces of artwork. (ECF No. 198-1 at 2.)

Several motions to dismiss the Second Amended Complaint are pending before the District Judge. (ECF Nos. 188, 190, 191, 195.) As relevant to the parties' current discovery dispute, Santana Defendants seek to dismiss Plaintiff's copyright claims that accrued prior to November 29, 2013 as barred by the three-year statute of limitations provided by 17 U.S.C. § 507(b). (ECF No. 190 at 10-13.) Because Plaintiff did not plead the date on which he knew or reasonably should have known about the alleged

---

[2] All page numbers reference the page numbers created by the CM/ECF system.

infringement, Santana Defendants argue, the statute of limitations bars Plaintiff's claims for infringement prior to November 29, 2013. (*Id.*)

Plaintiff propounded his first set of requests for production and interrogatories on the Santana Defendants seeking, *inter alia*, information from 2005 to present regarding the purchase and sale of products bearing the allegedly infringing artwork and revenue, costs, and profits relating to the licensing of Plaintiff's artwork. (*See* ECF Nos. 198-3 – 198-42.) Specifically, Plaintiff seeks to compel further responses to the following requests for production and interrogatories:

| Party | Requests for Production | Interrogatories |
|---|---|---|
| Santana Tesoro, LLC | 1-11, 20, 21, 29, 47, 49, 50, 51, 54, 55, 56, 58, 67, 68, 73 (ECF No. 198-3) | 2-4, 6, 9, 10, 15 (ECF No. 198-4) |
| Universal Tone Management, LLC | 1-4, 6-12, 21, 22, 29, 47, 49, 50, 51, 54, 55, 56, 58 (ECF No. 198-5) | 2-4, 6, 9, 10, 15 (ECF No. 198-6) |
| Hi Fidelity Entertainment, LLC | 1-10, 25, 26, 41, 43, 44, 59 (ECF No. 198-7) | 2-4, 6, 9, 10, 15 (ECF No. 198-8) |
| Santana IV, LLC | 1-12, 20, 29, 47, 49, 50, 51, 54, 55, 56, 58, 67, 68 (ECF No. 198-9) | 2-4, 6, 9, 10, 15 (ECF No. 198-10) |
| Art.com, Inc. | 1-10, 25, 26, 41, 43, 44, 48 (ECF No. 198-11) | 2-4, 7, 10-12, 16 (ECF No. 198-12) |
| Band Tees Apparel, Inc. | 1-10, 25, 26, 41, 43, 44, 48 (ECF No. 198-13) | 2-4, 7, 10-12, 16 (ECF No. 198-14) |
| Carlos Santana | 1-11, 20, 21, 22 (ECF No. 198-15) | 2-4, 6, 9, 10, 15 (ECF No. 198-16) |
| Casa Noble Holdings, Inc. | 1-11, 26, 41-48 (ECF No. 198-17) | 2-4, 7, 10, 11, 15 (ECF No. 198-18) |
| Casa Noble Spirits | 1-11, 26, 41-48 (ECF No. 198-19) | 2-4, 7, 10, 11, 15 (ECF No. 198-20) |
| Constellation Brands, Inc. | 1-11, 26, 41-48 (ECF No. 198-21) | 2-4, 7, 10, 11, 15 (ECF No. 198-22) |
| Cristalino, Inc. | 1-12, 20, 29, 47, 49-52, 54-56, 58, 67, 68 (ECF No. 198-23) | 2-4, 6, 9, 10 (ECF No. 198-24) |
| Dawn DeBisschop | 1-10, 25, 26, 41, 43, 44, 59 (ECF No. 198-25) | 2-4, 6, 9, 10, 11 (ECF No. 198-26) |
| Double O, LLC | 1-10, 25, 26, 41, 43, 44, 48 (ECF No. 198-27) | 2-4, 7, 8, 10, 11, 12 (ECF No. 198-28) |
| GFM Licensing, LLC | 1-10, 25, 26, 41, 43, 44, 48 (ECF No. 198-29) | 2-4, 7, 10-12, 16 (ECF No. 198-30) |

| | | |
|---|---|---|
| Guts & Grace Records, Inc. | 1-11, 20, 21, 29, 47, 49-52, 54-56, 58, 67, 68 (ECF No. 198-31) | 2-4, 6, 9, 10, 15 (ECF No. 198-32) |
| Michael Vrionis | 1-11, 20, 21, 29, 47, 49-52, 54-56, 58, 67, 68 (ECF No. 198-33) | 2-4, 6, 9, 10, 15 (ECF No. 198-34) |
| Salvador Santana | 1-11, 20, 21, 29, 47, 49-52, 54-56, 58, 67, 68 (ECF No. 198-35) | 2-4, 6, 9, 10, 15 (ECF No. 198-36) |
| Howard Schomer | 1-10, 25, 26, 41, 43, 44, 59 (ECF No. 198-37) | 2-4, 7, 10, 11 (ECF No. 198-38) |
| The Rock.com, Inc. | 1-10, 25, 26, 41, 43, 44, 48 (ECF No. 198-39) | 2-4, 7, 10-12 (ECF No. 198-40) |
| Wal-mart Stores, Inc. | 1-10, 25, 26, 41, 43, 44, 48 (ECF No. 198-41) | 2-4, 7, 10-12 (ECF No. 198-42) |

Santana Defendants objected to Plaintiff's above requests as overbroad because they sought "information related to the artwork at issue but outside the applicable three-year statute of limitations for copyright infringement." (*Id.*) Accordingly, Santana Defendants limited their responses to the period of November 29, 2013 to present. (*Id.*) Santana Defendants further argue that Plaintiff's discovery requests are improper because (1) the statute of limitations bars recovery for claims accruing three years before this action was filed on November 29, 2016, (2) the discovery demanded in Plaintiff's motion to compel breaks with an earlier agreement between counsel regarding the scope of discovery, and (3) the discovery is disproportionate to the needs of the case. (ECF No. 204 at 5.)

## II. LEGAL STANDARDS

Nonprivileged information is discoverable under Rule 26 if it is (1) relevant, and (2) proportional to the needs of the case. Federal Rule of Civil Procedure 26(b)(1), as amended in 2015, provides that parties—

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Evidence must be "relevant to any party's claim or defense" to fall within the scope of permissible discovery. *Id*. The 2015 amendment to Rule 26(b) deleted the phrase "reasonably calculated to lead to the discovery of admissible evidence" because it was often misconstrued to define the scope of discovery and had the potential to "swallow any other limitation." Fed. R. Civ. P. 26(b)(1) advisory committee notes to 2015 amendment. *See also San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 15CV1401-BEN-MDD, 2017 WL 3877732, at *1 (S.D. Cal. Sept. 5, 2017). The amendment replaced this phrase with the statement that information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) advisory committee notes to 2015 amendment.

Information must also be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). When analyzing the proportionality of a party's discovery requests, a court should consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id*.

Rule 33 provides that a party may serve on any other party interrogatories that relate to any matter within the scope of discovery defined in Rule 26(b). Fed. R. Civ. P. 33(a)(2). Similarly, Rule 34 provides that a party may serve requests for documents or tangible things on any other party that relate to any matter within the scope of discovery defined in Rule 26(b). Fed. R. Civ. P. 34(a). If a party fails to answer an interrogatory submitted under Rule 33, or if the answer provided is evasive or incomplete, the propounding party may bring a motion to compel. *See* Fed. R. Civ. P. 37(a). The propounding party may also move to compel a response if a party fails to produce documents requested under Rule 34. *See id*. "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and

the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). Those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## III. ANALYSIS

The parties dispute whether Santana Defendants must respond to discovery for financial information for the time period prior to November 29, 2013,[3] the date before which, the Santana Defendants maintain, Plaintiff's claims are barred by the statute of limitations. The Santana Defendants further dispute that they are obligated to produce financial documentation, for any time-period, asserting that an agreement between the parties limits their obligation to the production of spreadsheets containing the financial information (subject to the production of substantiating documentation on a case-by-case basis). The Court finds that Plaintiff has met his burden to establish that the information he seeks is relevant to his claims and defenses. Santana Defendants have not sufficiently established that the requested discovery contravenes an agreement between the parties and have not, for the most part, met their burden to establish that this discovery would be unduly burdensome. Accordingly, the court **GRANTS IN PART** Plaintiff's motion to compel.

### a. Scope of the Parties' Discovery Agreement

The parties disagree about the scope of an agreement reached during the meet and confer process. Santana Defendants assert that the parties agreed Santana Defendants would only produce financial information on sales, licensing revenue, and profits derived from the sale and licensing of products bearing the artwork at issue in spreadsheet form and that they would not need to produce the "backup" documents used to create the

---

[3] The declaration of Santana Defendants' counsel Casey Williams states that Santana Defendants objected to providing "financial data" prior to November 13, 2013 (ECF No. 204-1 at ¶ 5); however, Santana Defendants objected to the production of information prior to November 29, 2013 in their discovery responses and also use this date throughout their opposition to Plaintiff's motion to compel. The Court uses the later November 29, 2013 date as the disputed cutoff date for discovery responses.

spreadsheets, unless specifically requested by Plaintiff on a case-by-case basis. (*Id*. at 6-7.) Accordingly, Santana Defendants argue that the only controversy before the Court is whether the data provided in the spreadsheets should be limited to the period of November 29, 2013 to present. (*Id*. at 6.)[4]

In contrast, Plaintiff asserts that the parties agreed that, in an effort to streamline discovery, Santana Defendants would provide the spreadsheets in addition to producing the underlying financial documents. (ECF No. 208 at 5.) Plaintiff acknowledges that he had agreed that receipts to individual customers by retailers or from sales of merchandise at live shows did not need to be provided, but did not agree that Santana Defendants did not have to produce *any* financial documents. (*Id*.) Plaintiff argues that he confirmed with Santana Defendants, in the meet and confer process, that they would produce the financial documents underlying the agreed-upon spreadsheets. (*Id*. at 6.) Plaintiff argues that the contested financial documents are necessary because in addition to providing the revenue and profit information reflected in the spreadsheets, these documents will allow Plaintiff to identify other parties implicated in the distribution of the infringed artwork and demonstrate the scope of Santana Defendants' infringement. (*Id*.)

To the extent Santana Defendants are relying on a perceived agreement with Plaintiff to limit their discovery obligations, they have not met their burden to establish that there was a meeting of the minds as to the terms of that agreement.

### b. Statute of Limitations Objection

Plaintiff points out that Santana Defendants do not dispute that the type of information he seeks is relevant to his claims, but only assert the statute of limitations bars some of those claims, and as a result, discovery should be limited to the time-period after November 29, 2013. (ECF No. 198-1 at 6.) Plaintiff argues that Santana Defendants' position regarding the impact of the statute of limitations on their discovery obligations is

---

[4] Santana Defendants state that they agreed to, and have, produced factual information relating to liability from 2005 to present, as opposed to financial data. (ECF No. 204 at 7.) Accordingly, the Court considers the dispute before it to be limited to whether Plaintiff is entitled to additional financial discovery.

unavailing because: (1) whether the pre-2013 claims are barred by the statute of limitations is a question of fact that has not been decided; (2) even if the district judge grants Santana Defendants' pending motion to dismiss, Plaintiff can amend his pleadings to allege discovery of infringement and defeat the statute of limitations; (3) the very discovery at issue here may aid Plaintiff in establishing a "discovery rule" defense to Santana Defendants' statute of limitations argument; and (4) the pre-2013 discovery is relevant even if Santana Defendants prevail on their statute of limitations argument. (*Id.* at 7-8.) Plaintiff argues that the Court should not stay discovery of information prior to November 29, 2013 while Defendants' motion to dismiss is pending because it would delay critical discovery, including scheduled depositions, and require modification of the scheduling order. (*Id.* at 11.)

Santana Defendants argue that because Rule 26(b)(1) limits the scope of discovery to information that is relevant to any party's claim or defense, the statute of limitations provides a natural boundary for discoverable information. (ECF No. 204 at 7.) In this case, Santana Defendants argue, the Copyright Act provides a three-year statute of limitations cutoff. Santana Defendants argue that Plaintiff's operative complaint does not plead a discovery date, so Plaintiff cannot benefit from the "discovery rule." (*Id.* at 7-8) (citing *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004) (holding that a plaintiff may recover damages beyond the three-year statutory period if the copyright owner did not discover, and could not have reasonably discovered, the infringement prior to the three-year statute of limitations period)). Santana Defendants argue that Plaintiff also cannot benefit from the "discovery rule" because Plaintiff cannot support any claim he might make that delayed discovery was reasonable. (*Id.* at 9-11.) As discussed above, Santana Defendants also filed a motion to dismiss on this theory, which is currently pending before the District Judge. (ECF No. 190 at 10-13.) Santana Defendants argue here that the application of this statute of limitations limits their obligation to respond to financial discovery to the period from November 29, 2013 to the present, and any earlier financial discovery is irrelevant. (ECF No. 204 at 7-10.)

Plaintiff has met his burden to establish that financial information prior to November 29, 2013 is relevant to his claims and defenses. *See Bryant*, 2009 WL 1390794 at *1. Plaintiff's complaint alleges that between approximately 2005 and 2015, he created twenty pieces of artwork that Santana Defendants, among other named defendants, infringed. (ECF No. 183 at 10-23.) Plaintiff alleges that defendants exploited and infringed this artwork by (1) granting unauthorized licenses and/or sublicenses; (2) approving, selling, marketing, and distributing products that bore the artwork without permission; and (3) publishing and displaying the artwork without permission. (*Id.* at 11-24.) Plaintiff's discovery requests seek information regarding, *inter alia*, the purchase and sale of products bearing the allegedly infringing artwork and revenue, costs, and profits relating to the licensing of Plaintiff's artwork from 2005 to present. (*See* ECF Nos. 198-3 – 198-42.) Santana Defendants do not dispute that the type of information Plaintiff requests is relevant to his claims and defenses. Instead, they argue that information before the statute of limitations period is irrelevant because this affirmative defense bars claims that accrued prior to November 29, 2013. Accordingly, unless the statute of limitations bars discovery prior to November 29, 2013, Plaintiff has met his burden to establish that the discovery requests at issue are relevant.

The statute of limitations is not a rigid barrier separating discoverable information from information outside the scope of discovery. Santana Defendants cite no binding authority for the proposition that the statute of limitations provides a definitive boundary for discoverable information. (*See* ECF No. 204.) Santana Defendants cite to *Klein v. Lionel Corp.*, 130 F. Supp. 725 (D. Del. 1955) for support, but this case did not hold that information prior to the statute of limitations period is always outside the scope of discoverable information. Information before the statute of limitations period may fall within the scope of discoverable information. *See, e.g.*, *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 655 (D. Kan. 2004) ("[D]iscovery of information both before and after the liability period . . . may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable

number of years both prior to and following such period."); *Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*, 95 F.R.D. 398, 399 (S.D.N.Y. 1982) (discovery in antitrust cases "routinely goes beyond the statutory period"); *Hatamian v. Advanced Micro Devices, Inc.*, No. 14CV00226YGRJSC, 2015 WL 7180662, at *2 (N.D. Cal. Nov. 16, 2015) ("In general, courts allow discovery to extend to events before and after the period of actual liability so as to provide context."). Here, for example, information prior to the applicable statute of limitations period could be relevant to Plaintiff's claims if it served as indirect evidence of the scope of a license Plaintiff provided to Santana Defendants for the artwork at issue.

Even if the statute of limitations provided a barrier to discoverable information in this case, the statute of limitations is an affirmative defense that Santana Defendants have not yet established. *See Allen v. Similasan Corp.*, No. 12-CV-376-BAS-JLB, 2014 WL 2212120, at *2 (S.D. Cal. May 27, 2014) (statute of limitations is an affirmative defense that does not generally affect discovery); *Adobe Sys. Inc. v. Christenson*, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *3 (D. Nev. Feb. 7, 2011). "If the running of the statute [of limitations] is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Santana Defendants have raised this argument in their pending motion to dismiss and the statute of limitations issue will be addressed on the merits by the District Judge. (*See* ECF No. 190.) To the extent Santana Defendants seek a ruling by the Magistrate Judge on the merits of the statute of limitations issue as a predicate to ruling on this discovery matter, the Court declines to make such a ruling. Nor is this Court prepared to excuse Santana Defendants from producing financial discovery while the motion to dismiss is pending, in essence granting a stay of discovery that has not been requested. *See Adobe Sys. Inc.*, 2011 WL 540278, at *3. Plaintiff served the discovery requests at issue on Santana Defendants between June 12, 2017 and June 20, 2017. (ECF No. 207-1 at ¶ 3.) Santana Defendants responded with objections between August 9, 2017 and August 21, 2017. (*Id.* at ¶ 4.) The parties have been meeting and conferring on this issue since August 14, 2017. (*Id.* at ¶ 6.)

10

16-cv-2902 JLS (JLB)

On September 1, 2017, Santana Defendants filed their motion to dismiss. (ECF No. 190.) Plaintiff filed the instant motion to compel on September 27, 2017. (ECF No. 198.) Santana Defendants could have sought a stay of certain discovery with the filing of their motion to dismiss, or after objecting to Plaintiff's discovery requests, but chose not to do so. They now seek to stand on their initial objections to Plaintiff's discovery requests months after objecting and without having filed a motion to stay discovery. The Court declines to *sua sponte* issue such an order.[5]

### c. Undue Burden

Santana Defendants also argue that responding to the financial discovery at issue is unduly burdensome and the requested discovery is disproportionate to the needs of the case. (ECF No. 204 at 11-14.) Santana Defendants have not carried their "heavy burden" to demonstrate that this Court should excuse all Santana Defendants from responding to this discovery. *See Blankenship*, 519 F.2d at 429.

Santana Defendants argue that the amount in controversy is minimal, as evidenced by "preliminary numbers" and financial information from a handful of defendants. (ECF No. 204 at 12.) The Court is not persuaded that such "preliminary" information and selective financial data establish that the amount in controversy is minimal. Indeed, Plaintiff seeks the information at issue, in part, to establish the amount in controversy.

Santana Defendants argue that the attorney's fees already generated in responding to Plaintiff's discovery requests, and the amount of estimated fees if the Court grants Plaintiff's motion to compel, are extremely high. (*Id.* at 13.) The Court does not doubt that Santana Defendants have collectively incurred substantial costs in attorney's fees.

---

[5] Even if Santana Defendants had requested a stay of discovery here, district courts in this circuit have rejected the general proposition that a pending dispositive motion justifies a stay of discovery. *See, e.g.*, *Tradebay LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The Court declines to analyze the merits of such a hypothetical motion as Santana Defendants have not requested this relief and the standard for granting a stay in this context places a magistrate judge "in a difficult situation" of having to analyze the merits of a motion pending before the district judge. *See GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 287 (S.D. Cal. 2000).

Donahue Fitzgerald LLP represents twenty separate defendants. The fact that twenty defendants have collectively spent a considerable amount of time and effort responding to Plaintiff's discovery requests is not surprising. High collective costs do not establish that each defendant will be unduly burdened by producing the requested information.

Lastly, Santana Defendants put forth specific evidence that producing the requested information would be a burden for five out of the twenty of the Santana Defendants. From this, and more generalized assertions about burden, Santana Defendants seek relief on behalf of all, even though they acknowledge that "the process would be different for each defendant" to produce the requested information. (ECF No. 204-1 at ¶ 6.) Fifteen Santana Defendants[6] have not put forth any specific evidence that it would be a burden for them to produce the requested financial information. (*See* ECF No. 204.) Accordingly, these fifteen Santana Defendants have not established that the requested discovery would be unduly burdensome and must produce responsive information.

Hi Fidelity Entertainment Inc. (Hi Fidelity) and Santana Tesoro LLC, Guts & Grace Records, Inc., Cristalino, Inc., and Santana IV (Santana Management) submitted declarations regarding the burden of producing the information Plaintiff requests. (ECF Nos. 204-2, 206 (sealed).)[7] Hi Fidelity argues that its royalty reports and sales, costs, and tour line records have not historically included images of the products, making it difficult to identify which products bear the allegedly infringed artwork. (ECF No. 204-2 at ¶ 5.) Hi Fidelity notes that some records after 2014 have images, which will make the process easier for that time period. (*Id.*) Hi Fidelity also argues that producing the backup documentation for the financial spreadsheets will interfere with the operation of its

---

[6] Carlos Santana; Michael Vrionis; Universal Tone Management, LLC; Salvador Santana; Dawn DeBisschop; Howard Schomer; Constellation Brands, Inc.; Casa Noble Spirits, LLC; Casa Noble Holdings, LLC; Art.com, Inc.; Band Tees Apparel; Double O, LLC; GFM Licensing Group, LLC; The Rock.com Group, Inc.; and Wal-Mart Stores, Inc.

[7] Santana Defendants also filed a declaration by Casey Williams, which sets forth the limited proceeds derived by Defendants Art.com, Rock.com and Band Tees with respect to the sale of allegedly infringing products. (ECF No. 204-1 at 4.) This declaration does not, however, address burden.

business as its business as its president is the only person capable of identifying these records. (*Id.* at ¶ 6.) Hi Fidelity states that it changed over its purchase order system in October of 2012, and due to the loss of the information with the previous system, identifying responsive documents would require a page-by-page review of hardcopy documents in archive. (*Id.* at ¶ 8.) The Court finds that Hi Fidelity has met its burden to establish that it would be unduly burdensome for it to respond to financial discovery for the period prior to October 2012, at least unless and until the District Court rules that Plaintiff's pre-2013 claims survive a motion to dismiss.

Santana Management argues that providing all backup documents, such as purchase orders, invoices, quarterly reports, and sales receipts would be particularly burdensome and require shipping a substantial amount of records from Las Vegas, Nevada to San Rafael, California. (ECF No. 206 (sealed) at ¶¶ 5-6.) It would then take Santana Management an estimated minimum of 100 hours to review the records and provide the documents to counsel for separate review. (*Id.* at ¶ 7.) The Court recognizes that production of the information Plaintiff requests will impose a burden on Santana Defendants. Santana Management has not demonstrated that this burden outweighs Plaintiff's interest in discovery of this information. Santana Defendants have not provided the Court with enough information to order a narrowed production and, accordingly, Santana Defendants' objections to production of the requested financial are overruled, as they have not established that production of this information will be unduly burdensome and disproportionate to the needs of the case.

## IV. Costs and Fees

Rule 37(a)(5) provides that when a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not award expenses, however, if the movant failed to attempt in good faith to obtain the discovery before filing the motion, the opposing party's nondisclosure, response, or

objection was substantially justified, or other circumstances make an award of expenses unjust. *Id*.

The Court declines to impose Plaintiff's costs and fees in the making of this motion on Santana Defendants because Plaintiff did not request such an award and the parties have engaged with the Court on this issue at length.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel (ECF No. 198) is **GRANTED IN PART**. It is granted except as it relates to the obligation of Hi Fidelity, at this time, to provide financial discovery predating October 2012. Santana Defendants are hereby ordered to respond to the discovery requests Plaintiff seeks to compel by **December 22, 2017**.[8]

**IT IS SO ORDERED.**

Dated: November 29, 2017

*Jill Burkhardt*

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[8] In their conclusion, Santana Defendants also seek guidance regarding whether and how they should file a motion for summary judgment on this issue. (ECF No. 204 at 14.) Santana Defendants should address this inquiry to the District Judge, rather than in the conclusion of their opposition to Plaintiff's motion to compel. Accordingly, the Court does not address this issue.